IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03CV439-SRW |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Betty Lane brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income and disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**FACTS**

In August and September 2000, plaintiff filed applications for disability insurance benefits and Supplemental Security Income. On June 12, 2002, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. On October 25, 2002, the ALJ rendered his decision, in which he found, *inter alia*, that: (1) plaintiff retains the residual functional capacity to perform a restricted range of light work;

(2) plaintiff cannot perform her past relevant work; (3) she was 52 at the time of her application for benefits and 55 years old on the date of the decision; (4) she has a limited education; (5) she has acquired skills that will transfer to other jobs down to a sedentary residual functional capacity; (6) if the plaintiff had the exertional capacity to perform the full range of light or sedentary work, Rules 202.11 and 202.12 of the Medical-Vocational Guidelines would direct a conclusion that plaintiff is "not disabled" and, at age 55, Rule 202.03 would still direct a conclusion that plaintiff is "not disabled"; (7) there are a significant number of jobs in the regional or national economies which plaintiff can perform, including the unskilled jobs of Machine Feeder, Grader/Sorter, and Assembler; and (8) plaintiff has not been under a disability as defined in the Social Security Act. The Appeals Council denied review and, thus, the decision of the ALJ is the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The

ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

> The Social Security Regulations outline a five-step sequential evaluation process used for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir.1999). First, the claimant must prove that he has been unable to engage in substantial gainful activity. Id. Second, the claimant must prove that he suffers from a severe impairment or combination of impairments. Id. In step three, if the claimant can prove that his impairment meets or equals a listed impairment, he automatically is deemed disabled. Id. If his impairment does not meet or equal a listed impairment, he must proceed to step four and prove that he is incapable of performing his past relevant work. Id. Finally, at step five, the burden shifts to the SSA "to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform," and, if the SSA meets its burden, the claimant then must prove that he cannot perform those jobs. Id.

Gibbs v. Barnhart, 2005 WL 3249841, *3 (11th Cir. Nov. 29, 2005).

The plaintiff notes that the issues in this appeal do not turn on the medical facts. Rather, she accepts the ALJ's findings of fact and argues that, given those findings, the ALJ erred in not finding her disabled once she reached age 55.[1] The plaintiff specifically argues that the ALJ's step-five determination that she was not disabled pursuant to Rule 202.03 of the grids was not supported by substantial evidence.

---

[1] The plaintiff does not, in this appeal, disagree with the ALJ's conclusion that she was not disabled before age 55 and, accordingly, the court does not reach this issue.

## Medical-Vocational Guidelines ("the Grids")

At step five of the sequential evaluation, the ALJ must determine whether, "in light of 'residual functional capacity,' age, education, and work experience the claimant can perform other work. The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)(citations omitted). Where the claimant has nonexertional limitations, an ALJ may not rely exclusively on the grids to support a step-five conclusion that there are other jobs available in significant numbers in the national economy that the claimant is able to perform, but must also rely on independent evidence, preferably the testimony of a vocational expert. Id. However, in a case such as this – where the claimant has both exertional and non-exertional impairments – the ALJ is required to determine whether the grids direct a finding of disability based on the claimant's strength limitations alone. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(2); see also SSA POMS DI 25025.001(B)(3)(a)("If a rule directing a decision of 'disabled' would be met considering only the exertional limitation(s): [t]hat rule is considered to be met and a decision of 'disabled' applies. It is not necessary to consider the additional effects of the nonexertional limitation(s)."); SSR 83-14, Titles II and XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating a Combination of Exertional and Nonexertional Impairments ("Where a person's residual functional capacity (RFC), age, education, and work experience coincide with the criteria of an exertionally based rule in Table No. 1, 2, or 3 – and that rule directs a conclusion of "Disabled" – there is no need to consider the additional effects of a nonexertional impairment since

consideration of it would add nothing to the fact of disability."); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989)(where the claimant suffers from both exertional and nonexertional impairments, benefits must be awarded if a finding of disability can be based on the exertional impairments alone under the grids; "[h]owever, if the exertional impairments alone are insufficient to direct a conclusion of disability, then further evidence and analysis are required.").

### Transferability of Skills

The critical issue in this appeal is transferability of skills. If the skills acquired by plaintiff in her past relevant work are transferable to other jobs available in significant numbers in the national economy, grid Rule 202.03 would not direct a conclusion of "disabled." However, if plaintiff's skills are not transferable, grid Rule 202.02 would direct a finding of "disabled," and plaintiff is entitled to benefits.

The ALJ found that "[t]he claimant has acquired skills that will transfer to other jobs down to a sedentary residual functional." (R. 23). The vocational expert testified that plaintiff acquired skills of training, supervising, and sewing machine operation at the semiskilled level and that the skills of supervising and training are transferable to light and sedentary work. (R. 66-67). Also, although the VE's testimony is somewhat vague on this point, she may have testified that these skills could be transferred to a sedentary, unskilled job. (R. 67).

However, under the Commissioner's regulations, acquired skills are not considered to be of any benefit to a claimant unless those skills are transferable to other skilled or semi-

5

skilled work. See 29 C.F.R. § 404.1565(a)("If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other *skilled or semi-skilled* work that you can now do. If you cannot use your skills in other *skilled or semi-skilled* work, we will consider your work background the same as unskilled.")(emphasis added); Id. § 404.1568(d)(1)("We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of *skilled or semi-skilled* work activities of other jobs or kinds of work.")(emphasis added); Id. § 404.1568(d)(4)("If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to *sedentary* or *light* work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . that you can do despite your impairment.")(emphasis in original); Id., §§ 416.965, 416.968; SSR 82-41 ("[A] person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs . . . . Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other *skilled or semiskilled* jobs.")(emphasis added); SSR 00-4P ("Evidence from a VE . . . cannot be inconsistent with SSA policy on transferability of skills. For example, an individual does not gain skills that could potentially transfer to other work by performing unskilled work.  Likewise, *an individual cannot transfer skills to unskilled work . . . .*")(emphasis added); Jensen v. Barnhart, 2005 WL 3418660, * 1 (10th Cir. Dec. 14, 2005)("The Commissioner must overcome a higher burden at step five to deny benefits to

6

claimants of advanced age . . . . '[I]t is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semi-skilled work.'")(citation omitted); Terry v. Sullivan, 903 F.2d 1273 (9th Cir. 1990)("Acquired skills do not transfer to unskilled work; they transfer only to other work that requires the same or similar skills. . . . Skills are not transferable to unskilled work because, by definition, unskilled work requires *no* skills."); Allen v. Bowen, 881 F.2d 37, 43 (3rd Cir. 1989)("[I]f the only jobs that a claimant can presently perform are of an unskilled nature, then any skills he or she may have obtained in prior employment are not transferable. This is so regardless of [the] nature of the former employment or the number or level of skills previously obtained. The pertinent issue is whether *at present* the claimant can perform jobs in the national economy based on skills he may have obtained from his prior work experience. When the answer to this question is, as it was in this case, that the claimant can perform only unskilled jobs, then plainly his former employment has transferred no skills of present value."); Podedworny v. Harris, 745 F.2d 210, 221 (3rd Cir. 1984)("[T]he regulations do not permit benefits to be denied based on the transfer of skills to unskilled jobs. . . . Indeed, it is counterintuitive to suggest that skills can be transferred to unskilled work, and we reject any contention that such transfer can occur.").

In this case, the ALJ found that the jobs identified by the vocational expert as jobs plaintiff could presently perform are all unskilled. (R. 24). Under these circumstances, skills acquired by plaintiff in her past relevant work were irrelevant to the determination of disability, and the ALJ's finding that plaintiff had acquired skills that were transferable to

other jobs she could perform is not supported by substantial evidence.[2] On the basis of plaintiff's exertional limitations alone – which the ALJ found limit her to light work – grid Rule 202.02 directs a finding that plaintiff is disabled.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED, and that this case should be remanded for an award of SSI benefits commencing at age 55 consistent with this decision and, if plaintiff remained insured on her 55th birthday, for an award of disability insurance benefits.[3]

DONE, this 23rd day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] This is so even if the VE's testimony is construed to be that plaintiff's supervisory and training skills are transferable to unskilled work. As noted above, the ALJ may not rely on VE testimony which is contrary to SSA policy on transferability of skills. SSR 00-4P.

[3] It appears from the record that plaintiff's date last insured for DIB purposes was either December 2004 or December 2005, after her 55th birthday. (Compare R. 94 with R.95 and R. 199). However, the court will not here make this factual finding but, instead, remands to the Commissioner for a determination of whether plaintiff's reached the age of 55 before her disability insured status expired.